Williams v. Moehlman, 199 Ill. App. 35.

for the production of oil and gas, where it appeared that the lease contained a covenant to pay plaintiffs an agreed rental and to supply them with gas for domestic use without cost, "while the product of each well in which gas only is found shall be marketed from said premises;" that the lease was assigned and the assignee drilled a well which produced gas only, which was marketed for general consumption; that the lease was afterwards assigned to defendant; that the flow of gas becoming insufficient to supply plaintiffs if allowed to go into defendant's commercial line, plaintiffs shut it off from the line, and for some time used the gas without cost; that later an arrangement was made whereby the owner of land on which there were strong gas wells which were owned by defendant secured the right to use gas from plaintiffs' well without cost for domestic purposes so as to increase the pressure in defendant's commercial line from the wells on such other person's land, defendant agreeing not to take up the pipe from the well as intended, which would have prevented plaintiffs from using the gas, but to allow it to remain with the well shut off from defendant's commercial line; and plaintiffs claimed that the gas used by such other person was "marketed" within the meaning of the lease, entitling them to rental, *held* that under the evidence the lease was superseded by the new arrangement, and that plaintiffs could not recover for rental.

---

## Frank Williams, Appellee, v. H. W. Moehlman, Appellant.

### (Not to be reported in full.)

Appeal fom the Circuit Court of Marion county; the Hon. Thomas M. Jett, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 17, 1916.

### Statement of the Case.

Action by Frank Williams, plaintiff, against H. W. Moehlman, defendant, in the Circuit Court of Marion

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

county, to recover for breach of a contract by which plaintiff agreed to manufacture and defendant to purchase certain ironing boards. From a judgment for plaintiff for $22.50, defendant appeals.

CHARLES H. HOLT, for appellant.

W. A. MILLS, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

## Abstract of the Decision.

1. TRIAL, § 153*—*when weight of evidence for jury.* It is the province of the jury, who see the witnesses and hear them testify, to weigh the evidence of the respective parties when the evidence is conflicting.

2. SALES, § 329*—*when evidence sufficient to sustain finding that contract was substantially complied with.* In an action to recover the contract price of ironing boards manufactured by plaintiff at defendant's request, where the defense was that the contract was not substantially complied with, and where the evidence was conflicting, evidence examined and *held* to warrant the jury in finding a verdict for plaintiff.

3. SALES, § 330*—*when instruction as to presumption of acceptance of goods correct.* In an action to recover the contract price of ironing boards manufactured by plaintiff at defendant's request, an instruction that if after the completion of the work defendant called and inspected it and accepted part of the goods and agreed to pay for all of it, he is presumed to have accepted all of the work, *held* correct.

4. APPEAL AND ERROR, § 1523*—*when error in one of series of instructions harmless.* The fact that in one of a series of instructions there exists a slight ambiguity is not ground of reversal where appellant's rights were so fully covered by other instructions that the jury could not have been misled.

5. APPEAL AND ERROR, § 1474*—*when stating of conclusion by witness harmless error.* It is not reversible. error to permit a plaintiff to state his conclusion as to whether defendant had made an objection as to the character of goods delivered in performance of the contract sued on where such witness also testifies to all

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the conversation which took place at the time when the objection was alleged to have been made.

6. APPEAL AND ERROR, § 1498*—*when exclusion of evidence harmless error.* It is not reversible error to sustain an objection to questions asked of witnesses where the same witnesses were afterwards permitted to answer similar questions so that the evidence sought to be brought out by the questions was properly presented to the jury.